UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Case No. 3:25-CV-380-X |
| D.C.G., INC., d/b/a THE LODGE; JASON E. MONEY, SR.; DAWN RIZOS; and CRAIG CLINT STIFF, JR. | § § § § § | |
| *Defendants.* | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant DCG Inc.'s Motion for Dismissal for Failure to State a Claim. (Doc. 14). After careful consideration, the Court **DENIES** the motion.

### I. Factual Background

Plaintiff Julia Hubbard performed at The Lodge, a gentlemen's club in Dallas, Texas owned by Defendant D.C.G., Inc. ("the Lodge") and Defendant Dawn Rizos from 2008 to 2016. During that time, Hubbard alleges that she was the victim of sexual assault by two Lodge customers: Defendants Craig Clint Stiff and Jason E. Money.

She alleges that Stiff sexually assaulted her on several occasions from 2009 to 2015 but provides no specific dates. Similarly, she claims Money sexually assaulted her several times from 2012 to 2015. Except for an alleged assault by Money in September 2015, Hubbard again does not provide dates or even approximate timeframes for these alleged assaults.

Hubbard also alleges that the Lodge and Rizos were aware of the assaults due to the club's layout, internal surveillance, management's firsthand observations, and conversations with managers and other employees. She further claims that the Lodge and its management threatened her when she complained of Money and Stiff's assaults and knowingly profited from the assaults.

So Hubbard brought this suit against the Lodge, Rizos, Stiff, and Money, alleging that their conduct amounted to human sex trafficking and forced labor, in violation of 18 U.S.C. § 1591(a) and 18 U.S.C. § 1589.

The Lodge and Rizos moved for dismissal under Rule 12(b)(6).

## II. Legal Standard

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[1] It must also allege sufficient facts "to state a claim to relief that is plausible on its face."[2] A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The Court accepts all material allegations of the complaint as true and construes the allegations in the light most favorable to the nonmoving party.[4] But the Court does not "presume true a number of categories of statements, including legal conclusions; mere labels; threadbare

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 50 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *See Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990).

2

recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement."[5]

### III. Analysis

The Lodge and Rizos raise three arguments to support their motion to dismiss: (1) that Hubbard is estopped from raising these claims as they conflict with her ongoing lawsuit against her ex-husband in the Western District of Texas; (2) her claims are time-barred; and (3) the complaint fails to comply with Rule 8 and other pleading requirements. The Court takes the second argument first.

The Parties agree that the Trafficking Victims Protection Act claims have a ten-year statute of limitations.[6] Hubbard's filed her complaint on February 14, 2025. So all alleged trafficking incidents that occurred prior to February 14, 2015 are time-barred. The Lodge and Rizos argue that Hubbard's employment ended May 28, 2014. Hubbard's argues her employment at the Lodge allegedly stretched from 2008 to 2016. So there is a factual dispute that merits denial of the motion.

The Lodge's remaining arguments are meritless. Nothing in Hubbard's current complaint conflicts with her representations in the Western District. Moreover, the complaint names several Lodge employees she informed of the alleged abuse, including Rizos, and specifies the amounts of money the Lodge received for each encounter Hubbard had with clients such as Stiff and Money.

---

[5] *Johnson v. Harris Cnty*, 83 F.4th 941, 945 (5th Cir. 2023) (cleaned up).
[6] 18 U.S.C. § 1595.

The Court concludes that Hubbard's complaint withstands Rule 12(b)(6) scrutiny and denies the motion.

## IV. Conclusion

Accordingly, the Court **DENIES** the motion. (Doc. 14)

It is so **ORDERED** this 23rd day of September, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE