IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA HUBBARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-380-X |
| | § | |
| DCG INC., d/b/a THE LODGE, JASON E. MONEY, SR., DAWN RIZOS, & CRAIG CLINT STIFF, JR., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

On May 30, 2026, Defendant DCG Inc., doing business as The Lodge, and Defendant Dawn Rizos (collectively, the "Lodge Defendants") filed an Expedited Motion to Strike Plaintiff Julia Hubbard's Expert Disclosure and Designation. *See* Dkt. No. 50.

United States District Judge Brantley Starr referred the Motion to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 51.

The Lodge Defendants asked the Court to strike or limit Hubbard's expert Dr. Leslie Dobson or to compel production of additional materials. *See* Dkt. No. 50 at 11-12. The Court granted the Motion, finding that Hubbard's non-compliance with Rule 26 was not substantially justified or harmless. *See* Dkt. No. 57.

On August 25, 2026, Judge Starr issued an amended scheduling order. *See* Dkt. No. 80. Among other deadlines, Judge Starr set the new deadline for challenges to

experts to October 19, 2026. *See id.* at 1. The Court then directed the parties to address whether the Court should, under Federal Rule of Civil Procedure 54(b), reconsider its order granting The Lodge Defendants' Motion to Strike Plaintiff's Expert Disclosure and Designation in light of the amendment to the Scheduling Order. *See* Dkt. No. 81.

**Background**

Hubbard filed this lawsuit against the Lodge Defendants; Defendant Jason E. Money, Sr.; and Defendant Craig Clint Stiff, Jr., alleging that she was sexually assaulted by Money and Stiff, two customers of the Lodge. *See* Dkt. No. 1.

The Court entered a scheduling order stating that "[t]he party with the burden of proof on a claim shall file a designation of expert witnesses and comply with Fed. R. Civ. P. 26(a)(2) by March 31, 2026" and that "[r]ebuttal designation of expert witnesses and compliance with Fed. R. Civ. P. 26(a)(2) shall be made by April 30, 2026." Dkt. No. 42 at 1.

On March 31, 2026, Hubbard designated Dr. Dobson as an expert and served to Defendants Dr. Dobson's report, curriculum vitae ("CV"), and case list. *See* Dkt. No. 45.

On April 28, 2026, the Court extended the Lodge Defendants' deadline to designate their rebuttal expert to June 30, 2026. *See* Dkt. No. 49.

On May 30, 2026, the Lodge Defendants filed an emergency motion to strike Hubbard's designation of Dr. Dobson. *See* Dkt. No. 50. They contended that Hubbard's expert disclosure was deficient because Hubbard had not provided the

underlying data that Dr. Dobson used to reach her conclusions. *See id.* At 8.

The Court considered the four Rule 26 factors holistically and found Hubbard's explanation for her non-compliance inadequate, found that Dr. Dobson's testimony was important but not exempt from Rule 26 disclosure rules, found that the Lodge Defendants had been prejudiced, and found that a continuance unlikely to resolve the dispute because the parties were at an impasse over who would receive the underlying data. *See* Dkt. No. 57 at 5-9. And, so, the Court granted The Lodge Defendants' emergency motion to strike [Dkt. No. 50]. *See id.*

The parties agreed to a protective order. *See* Dkt. Nos. 58 & 64. And, on June 30, 2026, Hubbard disclosed Dr. Dobson's data under the terms of the protective order. *See* Dkt. No. 83-1. Hubbard's email disclosing the data included a letter stating:

> These documents are produced pursuant to the terms of the Protective Order agreed to by all Parties as of June 29, 2026. If you do not agree to abide by these terms, you are not authorized to access these materials and, if you have downloaded them, you agree to delete all copies. These documents are also produced solely for use in connection with the testimony and report of Dr. Leslie Dobson and any rebuttal experts, and for no other purpose. If Dr. Dobson's report is not reinstated, you agree to delete these materials and all copies.

*Id.*

On August 25, 2026, Judge Starr issued the amended scheduling order, setting a new deadline for challenges to experts to October 19, 2026, *see* Dkt. No. 80 at 1, and the Court directed the parties to address whether the Court should, under Federal Rule of Civil Procedure 54(b), reconsider its previous order granting The Lodge Defendants' motion to strike. *See* Dkt. No. 81. The Lodge Defendants and Jason E. Money, Sr. ask the Court to decline reconsideration, *see* Dkt. Nos. 83, 87, 91, & 92,

while Hubbard asks the Court to reconsider its order and reinstate Dr. Dobson, *see* Dkt. Nos. 90 & 93.

For the reasons set forth below, the Court exercises its discretion to reconsider its order striking Hubbard's designation of Dr. Dobson and VACATES the Exclusion Order [Dkt. No. 57].

**Legal Standards and Analysis**

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting FED. R. CIV. P. 54(b)).

"Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (cleaned up); *see also Dall. Cnty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014) ("Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court, which should determine whether reconsideration is necessary under the circumstances." (cleaned up)).

The Lodge Defendants contend that Judge Starr's amendment to the scheduling order does not provide a basis for the Court to reconsider its prior order striking Hubbard's expert disclosure and designation. *See* Dkt. No. 83 at 1. They report that they have not accessed Dr. Dobson's underlying data because Hubbard

sent it with the condition that "clicking the link required The Lodge Defendants to agree that they would delete the material if the expert was not reinstated." *Id.* at 5; *see also* Dkt. No. 91 at 2 ("the 'impasse' recognized by the Court in the Exclusion Order has not dissolved … due to [Hubbard]'s unilaterally imposed condition to the [] data"). And the Lodge Defendants argue that they would suffer prejudice by the Court's reconsideration when they relied on the Court's previous order for their dispositive motions. *See id.* at 3, 6.

Jason E. Money, Sr. similarly argues that the Court should decline to reconsider its prior order because the amended scheduling order does not cure the Rule 26 violation or the prejudice incurred and Hubbard's emailing of the link does not satisfy the requirement that she produce the data – and Money reports that he, too, has not clicked the link. *See* Dkt. Nos. 87 & 92.

For her part, Hubbard argues for the Court's reconsideration. *See* Dkt. No. 90. Hubbard claims that "the two key premises underlying the exclusion – that the parties were at an 'impasse' due to [Hubbard] not producing certain underlying data, and that no continuance would cure the resulting prejudice – no longer hold." *Id.* at 1. Hubbard reports that she produced the underlying data "to every Defendant" and that it has been available to Defendants since June. *Id.* at 1-2; 4-5. Hubbard also asserts that any timing prejudice to Defendants has been eliminated because the deadlines for dispositive motions, expert motions, and trial are no longer operative. *Id.* at 2, 5.

Hubbard asks the Court to vacate the exclusion of Dr. Dobson's expert

disclosure and designation and set a schedule for rebuttal designation and remaining expert discovery. *Id.* at 9.

Under Rule 54(b) and *Austin*'s lenient standards, the Court is persuaded by Hubbard's arguments. The Court's previous exclusion order removed Hubbard's only expert on the psychological injury at the center of this case over her failure to produce the data underlying Dr. Dobson's expert report. *See generally* Dkt. No. 57.

But Hubbard resolved that failure when she disclosed the data via email link on June 30, 2026. *See* Dkt. No. 83-1. Defendants claim they have not accessed the data because they did not click on the link due to concerns over conditional disclosure. And, yet, no defendant raised these concerns about the purported conditions in any filing with the Court from the time Hubbard disclosed the data on June 30, 2026 until the Court-ordered responses on September 3, 2026. And, as far as the Court is aware, no Defendant asked Hubbard to modify the purported conditions. *See* Dkt. No. 93 at 2.

Hubbard has complied with her discovery obligations to produce the data underlying Dr. Dobson's expert report, and the Defendants' decisions to refrain from clicking the link to download and access the data do not change this compliance.

**Conclusion**

The Court exercises its discretion under Rule 54(b) to reconsider its order striking Hubbard's designation of Dr. Dobson and VACATES the Exclusion Order [Dkt. No. 57] and DENIES The Lodge Defendant's Motion to Strike [Dkt. No. 50].

SO ORDERED.

DATED: October 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE